

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed:**
**January 12, 2018 09:40**

By: DEAN W. VAN DRESS 0070581

Confirmation Nbr. 1272644

CARL KANNENBERG                          CV 18 891468

    vs.

ALLISON FOOS, ET AL                      **Judge:**  KELLY ANN GALLAGHER

**Pages Filed:**  20

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| CARL KANNENBERG ) | |
| 1074 TY DRIVE ) | |
| MEDINA, OHIO  44256 ) | CASE NO. |
| ) | |
| ) | |
| ) | JUDGE: |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| ALLISON FOOS ) | |
| 9082 Devonshire Drive ) | |
| Olmsted Falls, Ohio  44138 ) | **COMPLAINT (jury demand)** |
| ) | |
| ) | |
| AND ) | |
| ) | |
| DIANE FOOS ) | |
| 24583 Chapparal Lane ) | |
| Westlake, Ohio 44145 ) | |
| ) | |
| AND ) | |
| ) | |
| ANTHONY FOOS ) | |
| 24583 Chapparal Lane ) | |
| Westlake, Ohio  44145 ) | |
| ) | |
| AND ) | |
| ) | |
| CITY OF CLEVELAND ) | |
| 601 Lakeside Avenue ) | |
| Cleveland, Ohio  44114 ) | |
| ) | |
| AND ) | |

CITY OF CLEVELAND PROSECUTOR )
601 Lakeside Avenue )
Cleveland, Ohio 44114 )
                       )

AND )
                       )

CITY OF CLEVELAND POLICE DEPT. )
1300 Ontario Street )
Cleveland, Ohio 44113 )
                       )

AND )
                       )

DETECTIVE MORRIS VOWELL )
1300 Ontario Street )
Cleveland, Ohio 44113 )
                       )

AND )
                       )

CUYAHOGA COUNTY )
2079 Euclid Avenue )
Cleveland, Ohio 44115 )
                       )

AND )
                       )

CUYAHOGA COUNTY PROSECUTOR )
1200 Ontario Street )
Cleveland, Ohio 44113 )
                       )

AND )
                       )

CITY OF OLMSTED FALLS )
26100 Bagley Road )
Olmsted Falls, Ohio 44138 )
                       )

AND )
                       )

CITY OF OLMSTED FALLS PROSECUTOR)
26100 Bagley Road )
Olmsted Falls, Ohio 44138 )
                       )

CITY OF OLMSTED FALLS POLICE DEPT.)
26100 Bagley Road )
Olmsted Falls, Ohio 44138 )
                       )

AND                                                )
                                                   )
DETECTIVE CARL HARTMAN                              )
26100 Bagley Road                                  )
Olmsted Falls, Ohio  44138                         )
AND                                                )
                                                   )
DETECTIVE JOSEPH BREWER                             )
26100 Bagley Road                                  )
Olmsted Falls, Ohio  44138                         )
                                                   )
AND                                                )
                                                   )
UNIVERSITY HOSPITALS                               )
11100 Euclid Avenue                                )
Cleveland, Ohio  44106                             )
                                                   )
AND                                                )
                                                   )
DR.  SREE JEDEPALLE, M.D.                           )
11100 Euclid Avenue                                )
Cleveland, Ohio  44106                             )
                                                   )
AND                                                )
                                                   )
MEDINA COUNTY                                       )
144 North Broadway Street                          )
Medina, Ohio  44256                                )
                                                   )
AND                                                )
                                                   )
MEDINA COUNTY PROSECUTOR                            )
72 Public Square                                   )
Medina, Ohio  44256                                )
                                                   )
AND                                                )
                                                   )
JOHN DOE(S)                                        )
                                                   )
          DEFENDANTS.                               )
                                                   )

Plaintiffs  now submits his COMPLAINT against the Defendants as follows:

## GENERAL ALLEGATIONS:

1.  PLAINTIFF CARL KANNENBERG is a real person residing in Medina County, Ohio and is the natural father of a minor child ("A.K.").

2.  PLAINTIFF CARL KANNENBERG at no time committed any unlawful or improper acts against his minor child identified as "A.K.".

3.  PLAINTIFF CARL KANNENBERG has never been convicted of any crime.

4.  DEFENDANT ALLISON FOOS is a real person residing in Cuyahoga County, Ohio and is the natural mother of the minor child identified as "A.K.".

5.  DEFENDANT DIANE FOOS is a real person residing in Cuyahoga County, Ohio, is the mother of Defendant Allison Foos and is the grandmother of "A.K.".

6.  DEFENDANT ANTHONY FOOS is a real person residing in Cuyahoga County, Ohio, is the father of Defendant Allison Foos and is the grandfather of "A.K.".

7.  DEFENDANT CITY OF CLEVELAND is a political subdivision located in the City of Cleveland, Cuyahoga County, Ohio.

8.  DEFENDANT CITY OF CLEVELAND PROSECUTOR is an appointed employee of the City of Cleveland and is charged with prosecuting the laws of the State of Ohio and/or the ordinances of the City of Cleveland in a fair, balanced, and impartial manner so as to achieve justice and is otherwise located in Cleveland, Cuyahoga County, Ohio.

9.  DEFENDANT CITY OF CLEVELAND POLICE DEPARTMENT is a department within the City of Cleveland that is charged with investigating and enforcing the laws of the State of Ohio and/or the ordinances of the City of Cleveland in a fair, balanced,

and impartial manner so as to achieve justice and is otherwise located in the Cleveland, Cuyahoga County, Ohio.

10. DEFENDANT DETECTIVE MORRIS VOWELL is a real person residing or working substantially in the City of Cleveland, Cuyahoga County, Ohio and was at all times relevant a sworn police officer detective employed within the City of Cleveland Police Department by and through the City of Cleveland.

11. DEFENDANT CUYAHOGA COUNTY is a political subdivision located in Cuyahoga County, Ohio and is organized by the laws of the State of Ohio.

12. DEFENDANT CUYAHOGA COUNTY PROSECUTOR is an elected official in Cuyahoga County, Ohio charged with prosecuting the laws of the State of Ohio and/or the ordinances of the City of Cleveland in a fair, balanced, and impartial manner so as to achieve justice and is otherwise located in Cleveland, Cuyahoga County, Ohio.

13. DEFENDANT CITY OF OLMSTED FALLS is a political subdivision located in the City of Olmsted Falls, Cuyahoga County, Ohio.

14. DEFENDANT CITY OF OLMSTED FALLS PROSECUTOR is an appointed employee of the City of Olmsted Falls and is charged with prosecuting the laws of the State of Ohio and/or the ordinances of the City of Olmsted Falls in a fair, balanced, and impartial manner so as to achieve justice and is otherwise located in Cuyahoga County, Ohio.

15. DEFENDANT CITY OF OLMSTED FALLS POLICE DEPARTMENT is a department within the City of Olmsted Falls, Ohio that is charged with investigating and enforcing the laws of the State of Ohio and/or the ordinances of the City of

Olmsted Falls in a fair, balanced, and impartial manner so as to achieve justice and is otherwise located in Cuyahoga County, Ohio.

16. DEFENDANT DETECTIVE CARL HARTMAN is a real person residing or working substantially in the City of Olmsted Falls, Cuyahoga County, Ohio and was at all times relevant a sworn police officer detective employed within the City of Olmsted Falls Police Department by and through the City of Olmsted Falls.

17. DEFENDANT DETCTIVE JOSEPH BREWER is a real person residing or working in the City of Olmsted Falls, Cuyahoga County, Ohio and was at all times relevant a sworn police officer detective employed with the City of Olmsted Falls Police Department by and through the City of Olmsted Falls.

18. DEFENDANT UNIVERSITY HOSPITALS is an entity organized under the laws of the State of Ohio and is principally, and for purposes of this complaint, located in the City of Cleveland, Cuyahoga County, Ohio.

19. DEFENDANT DR. SREE JEDEPALLE is a real person living or working substantially in the City of Cleveland, Cuyahoga County, Ohio and is a licensed physician practicing at or working for Defendant University Hospitals in the City of Cleveland, Cuyahoga County, Ohio.

20. DEFENDANT MEDINA COUNTY is a political subdivision located in Medina County, Ohio and is organized by the laws of the State of Ohio and used the laws of the State of Ohio to link criminal charges falsely, illegally, maliciously, and improperly charged against Plaintiff Carl Kannenberg that allegedly took place in Medina County so as to charge and prosecute Carl Kannenberg in County of Cuyahoga, State of Ohio, thereby establishing sufficient connections, contacts, and

the like to establish jurisdiction and proper venue for this action against Defendant Medina County in the Court of Common Pleas for Cuyahoga County, Ohio.

21.     DEFENDANT MEDINA COUNTY PROSECUTOR is an elected official in Medina County, Ohio charged with prosecuting the laws of the State of Ohio and/or the ordinances of the City of Brunswick in a fair, balanced, and impartial manner so as to achieve justice and is otherwise located in Medina County, Ohio.  The Medina County Prosecutor used the laws of the State of Ohio to link criminal charges falsely, illegally, maliciously, and improperly to levy charges against Plaintiff Carl Kannenberg that allegedly took place in Medina County so as to charge and prosecute Carl Kannenberg maliciously, wrongfully, and/or as an abuse of process in County of Cuyahoga, State of Ohio, thereby establishing sufficient connections, contacts, and the like to establish jurisdiction and proper venue for this action against Defendant Medina County in the Court of Common Pleas for Cuyahoga County, Ohio.

22.     DEFENDANTS JANE AND JOHN DOES are people, entities, or other(s), the numbers of whom are unknown, and whose identities or actions are yet unknown or the whereabouts are unknown to this charging Plaintiff although due and reasonable efforts were undertaken to ascertain same prior to filing the initial complaint.  The Plaintiff reserves the right to amend this complaint should discovery or industry allow.

23.     Defendants have cast Plaintiff in a false light by stating falsehoods, mistruths, half-truths and lies about Plaintiff.  These statements have been made with knowledge in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed including but not limited to the following:

A. That Plaintiff raped "A.K." in a crowded hospital during the light of day and while "A.K." was admitted to said hospital and under regular care and supervision of hospital staff. This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

B. That Plaintiff sexually molested "A.K.". This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

C. That Plaintiff committed gross sexual imposition upon "A.K.". This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

D. That Plaintiff kidnapped "A.K." This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

E. That Plaintiff kidnapped "A.K." with or without the purpose or intent of sexual motivation in a crowded restaurant in the middle of the day while dozens and dozens of patrons, staff, and managers were all present. This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

F. That Plaintiff did other embarrassing acts that were actually and patently not true. These allegations were preposterous and utterly false and should have been recognized as such by any intelligent adult.

G. These acts were publicized.

24. Defendants committed defamation, libel, and/or slander upon Plaintiff. These acts have been made with knowledge in reckless disregard as to the falsity of the matter, including but not limited to the following:

A. That Plaintiff raped "A.F." in a crowded hospital during the light of day and while "A.F." was admitted to said hospital and under regular care and supervision of hospital staff. This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

B. That Plaintiff sexually molested "A.K.". This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

C. That Plaintiff committed gross sexual imposition upon "A.K.". This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

D. That Plaintiff kidnapped "A.K." This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

E. That Plaintiff kidnapped "A.K." with or without the purpose or intent of sexual motivation in a crowded restaurant in the middle of the day while dozens and dozens of patrons, staff, and managers were all present. This allegation was preposterous and utterly false and should have been recognized as such by any intelligent adult.

G. These acts were publicized.

25. Defendant Allison Foos made a false affidavit and other statements to the named Police Departments, causing the police to investigate and arrest Plaintiff for allegations of rape, kidnapping, gross sexual imposition, and the like against "A.K."

26. Defendant Allison Foos caused or made frivolous filings to be submitted in Domestic Relations Court and instituted or allowed frivolous proceedings to be had in various courts in Cuyahoga County, all with purpose to deprive the Plaintiff of his rightful

biological and lawful association with "A.K." and thereby directly and proximately causing Plaintiff injury and damages, personally and monetarily.

27. Defendant Joseph Brewer engaged in a pattern and outright acts of taunting and harassment upon Plaintiff, violating the Plaintiff's freedom of association, speech, movement and other bad acts which exceeded his legitimate powers as a law enforcement officer.

28. Any and all law enforcement officials, governmental agencies, or officials failed utterly in any sense of duty or standard to properly investigate the ludicrous charges being levied against Plaintiff to the detriment of Plaintiff.

29. The Olmsted Falls Defendants submitted false documents at The Plaintiff's Berea Municipal Court Bail Bond hearing, alleging falsely that that the prior Cuyahoga Court of Common Pleas six felony charges were dismissed because "A.K". was scared of The Plaintiff". This false statement resulted in an extremely high $250,000.00 bond being set for the Plaintiff and was baseless, hearsay, and false and constituted the continued abuse of process and malicious prosecution anew.

30. Defendants the City of Cleveland, the Prosecutor for the City of Cleveland, Defendant Cuyahoga County, the Prosecutor for Cuyahoga County, Defendant Medina County, and Defendant the Medina County Prosecutor abused the process and/or maliciously instituted charges against Plaintiff. The facts that substantiated the charges were based on no competent or credible evidence, lacked probable cause, and were otherwise patently ridiculous and laughable to any intelligent or diligent person.

31. Defendants the City of Cleveland, the Prosecutor for the City of Cleveland, Defendant Cuyahoga County, the Prosecutor for Cuyahoga County, Defendant

Medina County, and Defendant the Medina County Prosecutor abused the process and/or maliciously instituted charges against Plaintiff by originally charging the Plaintiff with only one criminal count, but when the Plaintiff demanded a preliminary hearing, the charges maliciously and without justification multiplied to six high degree felonies in a short amount of time. The multiplication of charges from one to six is bad faith, is malicious, is an abuse of the process, and violates the Plaintiff's inherent and Constitutional rights.

32.     Defendants the City of Cleveland, the Prosecutor for the City of Cleveland, Defendant Cuyahoga County, the Prosecutor for Cuyahoga County, Defendant Medina County, and Defendant the Medina County Prosecutor abused the process and/or maliciously instituted charges against Plaintiff by intentionally or recklessly failing to provide the Grand Jury with sufficient facts and evidence for which to render a proper decision regarding probable cause. The multiplication of charges from one to six is bad faith, is malicious, and is an abuse of the process. The failure to adequately provide the Grand Jury with sufficient information is malicious and is abuse of process and violates the Plaintiff's inherent and Constitutional rights.

33.     Defendant County of Medina and Defendant Medina County Prosecutor intentionally or recklessly instituted charges against the Plaintiff which were brought forth in Cuyahoga County but were alleged to have been committed "somewhere in Medina County sometime in a two year timeframe". This act was bad faith, intentional, or reckless malicious prosecution and/or abuse of process and violates the Plaintiff's inherent and Constitutional rights.

34.    The continuation of any criminal charges against the Plaintiff by any governmental
       defendant was abuse of process and violates the Plaintiff's inherent and
       Constitutional rights.  The continuation of any other legal proceedings by any
       Defendant constitutes abuse of process and violates the Plaintiff's inherent and
       Constitutional rights.

35.    Defendant the City of Olmsted Falls, Defendant the Olmsted Falls Prosecutor,
       Defendant Detective Carl Hartman, and Defendant Detective Joseph Brewer abused
       the process and/or maliciously instituted felony charges against Plaintiff.  The facts
       that substantiated the  charges were based on no competent or credible evidence,
       lacked probable cause, and were otherwise patently ridiculous and laughable to any
       intelligent or diligent person.

36.    The continuation of any criminal charges against the Plaintiff by any governmental
       defendant was abuse of process.

37.    All criminal charges were dismissed against the Plaintiff.

38.    The Plaintiff was the prevailing party.

39.    The Plaintiff was falsely arrested.

40.    The Plaintiff was wrongfully taken into custody and held in various jails.

41.    The Plaintiff was forced to obtain bail(s)/bond(s) at the cost of $30,000.00 cash out of
       pocket.

42.    The Plaintiff was gainfully employed and had a career with the Ohio Department of
       Taxation Criminal Investigation Unit prior to the bad acts of the Defendants.

43.    As a result of the bad acts of the Defendants, the Plaintiff's job with the Ohio
       Department of Taxation Criminal Investigation Unit was terminated, and his career in

law enforcement has all been extinguished forever, resulting in millions of dollars in wages, benefits, and fringes as well as the satisfaction and enjoyment of a professional career enjoyed by Plaintiff.

44. The Plaintiff, while defending himself from these ridiculous, frivolous, and wrongful felony charges and other allegations and proceedings, obtained employment with Home Depot. Home Depot terminated the Plaintiff when they learned of the pending felony charges.

45. The Plaintiff attempted to find employment, time and time again, and was rejected for employment for years due to the ridiculous and wrongful criminal charges, allegations, and frivolous court proceedings levied against him by the Defendants.

46. The Plaintiff suffered extreme emotional distress as a result of the bad acts of the Defendants.

47. The Plaintiff's 2nd Amendment rights to keep and bear arms was substantially impinged by as a direct and proximate result of the acts of the Defendants.

48. The Plaintiff's life, liberty, and pursuit of happiness were substantially impinged as a direct and proximate result of the acts of the Defendants.

49. The Plaintiff's freedom of movement, association, and of speech were substantially impinged as a direct and proximate result of the acts of the Defendants.

50. The Plaintiff incurred tens of thousands of dollars in attorney fees defending himself from the acts, allegations, and charges levied against him by the Defendants.

51. Defendant Sree Jedepalle prostituted herself to Defendant Allison Foos by offering to profit as an expert witness in child abuse and by documenting ridiculous facts and conclusions in "A.K"'s medical records that were so completely ridiculous and false

but contributed to the continued persecution of The Plaintiff by offering 'medical evidence' of abuse that never occurred. The acts of Sree Jedepalle were negligent, intentional, fraudulent, self-motivated by greed, and/or reckless and directly and proximately caused damages and injury to Plaintiff.

52.  The Defendant Detective Morris Vowell, Defendant the City of Cleveland Police Department, and Defendant the City of Cleveland abused the process and/or maliciously instituted charges against Plaintiff. The facts that substantiated the charges were based on no competent or credible evidence, lacked probable cause, and were otherwise patently ridiculous and laughable to any intelligent or diligent person.

53.  The Defendant Diane Foos and the Defendant Anthony Foos negligently, intentionally, and/or recklessly enabled, facilitated, and/or caused the bad acts to be caused against The Plaintiff or to continue to be caused against The Plaintiff, all of which directly and proximately caused damages and injury to the Plaintiff.

54.  Defendant Cuyahoga County and Defendant the Cuyahoga County Prosecutor maliciously or as an abuse of process, caused a felony charge of gross sexual imposition to be wrongfully made against The Plaintiff only to be dismissed within hours.

55.  The Plaintiff has moved the Court of Common Pleas for Cuyahoga County to seal his underlying six dismissed felony charges. The Defendant Cuyahoga County and Defendant Cuyahoga County Prosecutor, unbelievably, opposed said motion. The continued filing of false charges against the Plaintiff thereafter further improperly extended the Plaintiff's ability to seal any and all false felony charges made against him in order to seek gainful employment and to avoid public ridicule.

56. The false allegations, arrest, and prosecution of Plaintiff was embarrassingly published by media outlets, causing Plaintiff great humiliation, privacy invasion, personal injury and damages.

57. The report from Defendant University Hospitals that "University Hospitals helped report the incident to police" and that "Three counts happened during an incident at University Hospital in February while his victim was wearing a hospital gown" was publicized by Cleveland.com and/or the Cleveland Plain Dealer and were false.

58. The Plaintiffs suffered tangible personal injury, damages, alienation of affection, and violations of his inherent and Constitutional rights as a direct and proximate result of the Defendants' acts.

### COUNT ONE (Malicious Prosecution)

59. Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs herein.

60. The Defendants maliciously instituted prior proceedings against the plaintiff; there was lack of probable cause for the filing of the prior lawsuits; the termination of the prior proceedings was in the plaintiff's favor; and, seizure of plaintiff's person or property during the course of the prior proceedings occurred.

61. As a direct and proximate result of the acts of Defendants, Plaintiff has been damaged in an amount yet to be determined but reasonably expected to exceed Twenty Five Thousand Dollars.

62. As a further direct and proximate result of the acts of the Defendants, the Plaintiff have incurred reasonable and necessary attorney fees and expenses prosecuting this matter, the amount of which will be provided at the time of disposition.

63.     As a further direct and proximate result of the acts of the Defendants, the Plaintiffs have suffered severe emotional distress, loss of enjoyment of life, separation from a legal right, and loss of consortium with his blood relative.

### COUNT TWO (Abuse of Process)

64.     Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs herein.

65.     The Defendants committed the tort of abuse of process.

66.     The Defendants caused a legal proceeding to be set in motion in proper form and with probable cause; the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and, that direct damage has resulted from the wrongful use of process upon the Plaintiffs by the Defendants.

67.     As a direct and proximate result of the acts of Defendants, Plaintiff has been damaged in an amount yet to be determined but reasonably expected to exceed Twenty Five Thousand Dollars.

68.     As a further direct and proximate result of the acts of the Defendants, the Plaintiffs have incurred reasonable and necessary attorney fees and expenses prosecuting this matter, the amount of which will be provided at the time of disposition.

69.     As a further direct and proximate result of the acts of the Defendants, the Plaintiffs have suffered severe emotional distress, loss of enjoyment of life, separation from a legal right, and loss of consortium with their blood relative.

### COUNT TWO (Emotional Distress):

70.     Plaintiff re-alleges and incorporates by reference the allegations and averments set forth in the preceding paragraphs as if fully re-written herein.

71.     The Defendants acts were made recklessly, with knowledge, intent or malice and were meant to cause shame, embarrassment and emotional and physical distress and financial burden upon Plaintiff.

72.     As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered shame, embarrassment and emotional and physical distress, together with financial burden.

### COUNT THREE (False Light):

73.     Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs.

74.     The Defendants have committed the tort of invasion of privacy and false light by the publicity that unreasonably places Plaintiff in a false light before the public, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities, directly and  proximately causing damages and injury to the Plaintiff.

### COUNT FOUR (Libel/Libel Per Se):

75.     Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs.

76.     The Defendants acts constitute libel and/or libel per se because they allege the criminal act and because the acts will injure Plaintiff in his trade or profession.

77.     As a direct and proximate result of the Defendants' acts, the Plaintiff has suffered severe emotional distress and physical distress as well as damages.

### COUNT FIVE (Fraud/Misrepresentation):

78. Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs, and as specifically purported to set forth with particularity the allegations set forth in paragraphs 23 and 24 hereinabove..

79. The Defendants acts constitute the torts of fraud and/or misrepresentation.

80. As a direct and proximate result of the Defendants' acts, the Plaintiff has suffered severe emotional distress and physical distress as well as damages.

### COUNT SIX (Civil Conspiracy):

81. Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs.

82. The Defendants acts constitute a malicious combination of two or more persons to injure another, in person or property, in a way not competent for one alone.

83. As a direct and proximate result of Defendants' acts, The Plaintiff has suffered injury to person or property.

### COUNT SEVEN (False Arrest/Assault)

84. Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs.

85. The Defendants acts constitute assault and/or false arrest.

86. As a direct and proximate result of Defendants' acts, The Plaintiff has suffered injury to person or property.

### COUNT EIGHT (Constitutional Rights Violations)

87. Plaintiff incorporates by reference the allegations and averments set forth in the preceding paragraphs.

88.     The Defendants acts under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory  directly and proximately violated the Plaintiff's Constitutional rights, including but not limited to his freedom, his right to pursue life, liberty, and happiness, his 2nd Amendment Rights to keep and bear arms, his freedom of movement, speech and association all in violation of The Plaintiff's inherent rights and as against Title 42, USC Section 1983 as they all acted as deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

89.     The Defendants, by increasing the charges against The Plaintiff from one felony to six because he demanded a preliminary hearing, violated Title 42 USC Section 1985.  The Defendants all conspired in one form or fashion to deny The Plaintiff of the due justice of the law in violation of Title 42 USC 1985.

90.     All the Defendants are liable to The Plaintiff pursuant to 42 USC 1986 for neglecting to prevent any violation of 42 USC 1985.

91.     All the Defendants who violated any of the Plaintiff's civil rights, in common law or by statute, or both, are liable for attorney fees and expert fees to the Plaintiff pursuant to 42 USC 1988.

92.     As a direct and proximate result of Defendants' acts, The Plaintiff has suffered injury to person or property and damages.


**JURY DEMAND**:  the Plaintiff hereby demands trial by jury.


/s/ Dean W. Van Dress, Esq.

**WHEREFORE**, Plaintiff demands judgment from and against the Defendants, jointly and severally, in an the amount of Twenty Five Million Dollars ($25,000,000.00), together with costs, expenses, attorney fees and any other relief available in law or equity, including but not limited to exemplary, compensatory, statutory, and/or nominal damages.

Respectfully submitted,

/s/ Dean W. Van Dress, Esq.
Dean W. Van Dress (0070581)
Van Dress Law Offices Co, LLC.
The Bank of Berea Building
46 Front Street
Berea, Ohio 44017
(440) 239-9777 (Phone)
(440) 239-9740 (Facsimile)
dean@vandresslaw.com
Attorneys for Plaintiff