UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CARL KANNENBERG,** | ) CASE NO. 1:18 CV 359 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| vs. | ) **MEMORANDUM OF OPINION** |
| **ALLISON FOOS, et al.,** | ) and |
| Defendants. | ) **ORDER OF REMAND** |

Before the Court is Defendant Allison Foos' Motion to Dismiss. **Doc #: 24** ("Motion"). At the heart of this removed case is Plaintiff Carl Kannenberg's allegation that his ex-wife, Allison Foos, made false reports to police officers in various jurisdictions that led to his arrest on charges that he raped and kidnapped the former couple's minor daughter.  The Court has reviewed the Motion, Plaintiff's Opposition Brief, Doc #: 29, and Defendant Allison Foos' Reply Memorandum, Doc #: 32.  For the reasons that follow, the Court **GRANTS** the motion to dismiss the sole federal constitutional claim against Ms. Foos, dismisses *sua sponte* the same claim against the remaining municipal defendants, and exercises its discretion to **REMAND** the remaining state law claims to state court.

**I.**

**A.**

The marriage of Plaintiff Carl Kannenberg and Defendant Allison Foos was dissolved by the Cuyahoga County Court of Common Pleas Division of Domestic Relations on January 23, 2013.  *Carl Kannenberg v. Allison Kannenberg*, Case No. 12-345064.  At the time this case was

filed (January 2018), Kannenberg and his ex-wife were involved in litigation in domestic relations court over parental rights, with a trial scheduled on July 30, 2018. Shortly before trial, the former couple were able to come to an amicable resolution respecting parental rights. Unfortunately, they were unable to resolve their dispute over monetary damages and attorney fees in this civil case – prompting the Court to address the pending Motion.

**B.**

In July 2016, criminal proceedings were initiated against Kannenberg in Cuyahoga County Common Pleas Court, where he was indicted for rape and kidnapping of the parties' minor child, A.K. *State of Ohio v. Carl Kannenberg*, Case No. CR-16-607991-A. On January 31, 2017, prior to trial, the State dismissed the indictment without prejudice. In 2017, the Cuyahoga County Prosecutor filed new criminal charges against Kannenberg. *State of Ohio v. Carl Kannenberg*, Case No. CR-17-620784-A. On October 5, 2017, the second indictment was dismissed without prejudice prior to trial.

On January 12, 2018, Kannenberg filed this civil case in the Cuyahoga County Common Pleas Court against his wife, her parents, the City of Cleveland, its Prosecutor, its Police Department and Cleveland Police Detective Morris Vowell (together, "the Cleveland Defendants"), Cuyahoga County and its Prosecutor ("the Cuyahoga County Defendants"), the City of Olmsted Falls, its Prosecutor, its Police Department, and Detectives Carl Hartman and Joseph Brewer (together, "the Olmsted Falls Defendants"), Medina County and its Prosecutor ("the Medina County Defendants"), University Hospitals and Dr. Sree Jadapalle. The Complaint basically alleged that Allison Foos made knowingly false statements to Defendant Police Officers or submitted false affidavits to Defendant Prosecutors, asserting that Kannenberg

kidnapped, raped and sexually molested their daughter – causing police to arrest Kannenberg and prosecutors to institute frivolous criminal proceedings against Kannenberg – all in an effort to deprive him of his lawful association with his child. Doc #: 1-1 ¶¶ 25, 26.

On March 15, 2018, Kannenberg filed a First Amended Complaint. Doc #: 12 ("Am. Comp.") alleging the following claims against "Defendants" generally: Malicious Prosecution (Count One), Abuse of Process (Count Two), Emotional Distress (Count Three); False Light (Count Four), Libel (Count Five), Fraudulent Misrepresentation (Count Six), Civil Conspiracy (Count Seven), False Arrest/Assault (Count Eight), and a violation of constitutional rights (Count Nine).[1] *Id*.

After Allison Foos' parents and the Cuyahoga County Defendants filed Motions to Dismiss, Kannenberg voluntarily dismissed them from the case. Respectively, Doc ##: 17, 19, 20, 21. After University Hospitals and Dr. Jadapalle filed a Motion for Judgment on the Pleadings, Kannenberg voluntarily dismissed them from the case. Respectively, Doc ##: 25, 30, 31. Kannenberg dismissed the Medina County Defendants from the case pursuant to stipulation. Doc #: 26. Accordingly, the remaining Defendants in the case are Allison Foos, the Cleveland Defendants, and the Olmsted Falls Defendants. That said, the allegations in the Amended Complaint against the remaining Defendants mirror the allegations against all Defendants in the initial Complaint.

---

[1] Because the Counts are misnumbered in both the Complaint and the First Amended Complaint, the Court has corrected the numbering.

**II.**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Shoup v. Doyle*, 974 F.Supp.2d 1058, 1071 (S.D. Ohio 2013) (citing *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 Fed.Appx. 24 (2nd Cir. Sep. 17, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id*. at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotation marks omitted). Simply reciting the elements of a cause of action do not suffice. *Iqbal*, 556 U.S. at 678.

**III.**

**Count Nine - Federal Constitutional Claim**

Kannenberg has failed to state a claim against Foos for violating his federal constitutional rights. Count Nine alleges the following hodgepodge of allegations supporting his constitutional claim.

> The Defendants' acts under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory directly and proximately violated the Plaintiff's

> Constitutional rights, including but not limited to his freedom, his right to pursue life, liberty, and happiness, his 2nd Amendment Rights to keep and bear arms, his freedom of movement, speech and association all in violation of The Plaintiff's inherent rights and as against Title 42 U.S.C. Section 1983 as they all acted as deprivation of any rights, privileges, or immunities secured by the Constitution and laws.  The Defendants acted with callous disregard or callous indifference of the Plaintiffs rights as set forth herein.

Am Comp. ¶ 100.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must sufficiently allege the deprivation of a right secured by the United States Constitution or a federal statute by a person acting under color of state law.  *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

There are two problems with the § 1983 claim against Allison Foos.  First, nowhere in the First Amended Complaint is § 1983 <u>specifically</u> invoked against Allison Foos.  Second, Allison Foos is a private citizen, not a state actor.  Kannenberg argues that Foos should be deemed a state actor under either the state compulsion test or the symbiotic relationship test.  However, there are no allegations that the state exercised such coercive power or provided such significant encouragement to Ms. Foos that her conduct can be deemed to be that of the state.  *Solotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).  And the First Amended Complaint fails to assert a nexus between the state and a "regulated entity" required for a symbiotic relationship *Id*.  Accordingly, the § 1983 claim brought against Allison Foos is dismissed.

The only remaining Defendants are the Cleveland Defendants and the Olmsted Falls Defendants, i.e., the Cities, the Police Departments, the Prosecutors, and three Police Officers.  The Court notes that Plaintiff has had two opportunities to file sufficient § 1983 allegations against these Defendants and has utterly failed to do so.

Police Departments are not *sui juris* and may not be sued in their own right for purposes of § 1983 claims.  *Lawson v. City of Youngstown*, 912 F.Supp.2d 527, 531 (N.D. Ohio 2012) (citing *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D. Ohio 2002); *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n.4 (N.D. Ohio 2000); *Yahnke v. Nixon*,  No. 1:10 CV 2010, 2010 WL 3420650 at *1 (N.D. Ohio Aug. 27, 2010).  Accordingly, the § 1983 claim against the Defendant Police Departments is dismissed as a matter of law.

To bring a § 1983 suit against a municipality, a plaintiff must show that the federal constitutional right violated occurred because of a municipal policy or custom. *Thomas v. City of Chattaooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 435 U.S.658, 694 (1978).  A municipality may not be sued under § 1983 for an injury inflicted solely by its employees.  *Id*.  Rather, a municipality is liable under § 1983 where the municipality itself causes the constitution violation.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  The plaintiff must identify a governmental policy or custom that caused the plaintiff's injury.  *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).  Even then, it is not enough to identify the policy or custom that caused the plaintiff's injury; the plaintiff must show that the injury occurred because of the execution of the municipality's policy or custom. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).  In the 23-page First Amended Complaint, Plaintiff has failed to identify a <u>specific</u> policy or custom of Cleveland or Olmsted Falls that caused his constitutional injury.  Thus, the § 1983 claim against the Cities of Cleveland and Olmsted Falls is dismissed as a matter of law.

Assuming for the moment that Plaintiff brought his state law malicious prosecution and abuse of process claims against the Prosecutors under § 1983, which he did not, the Court would

dismiss those claims as well.  Prosecutors have absolute immunity from "suits for malicious prosecution and . . . this immunity extend[s] to the knowing use of false testimony before the grand jury and at trial."  *Buchanan v. Metz*, 6 F.Supp.3d  730, no page citations (E.D. Michigan 2014) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991).  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993) (acknowledging that absolute immunity shields "a prosecutor's decision to bring an indictment, whether he has probable cause or not.")  The same immunity applies to § 1983 abuse of process claims brought against prosecutors.  *Smith v. Rybek*, No. 2:11 CV 777, 2012 WL 3025102, at *5 (S.D. Ohio Jul. 24, 2012) (citing *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absent absolute immunity, suits for malicious prosecution or abuse of process would be a common response by defendants when the state's case fails. . . .Such susceptibility to damage actions would inhibit prosecutors from aggressively prosecuting cases and would deflect their energies.")  Accordingly, the § 1983 claim against the Prosecutors is dismissed as a matter of law as well.

And finally, the § 1983 claim against the Defendant Police Officers is dismissed based on an utter dearth of specific factual allegations against them.  As previously stated, the main factual allegations in this case are directed toward Allison Foos.  With respect to all three officers, Plaintiff states that they "abused the process and/or maliciously instituted felony charges against Plaintiff.  The facts that substantiated the charges were based on no competent or credible evidence, lacked probable cause, and were otherwise patently ridiculous and laughable to any intelligent or diligent person."  Am. Comp. ¶ 40 (Detectives Carl Hartman and Joseph Brewer); ¶ 59 (Detective Morris Vowell).  These allegations are insufficient to allege state law claims for malicious prosecution or abuse of process, let alone § 1983 claims for malicious

prosecution and abuse of process. The only other allegation against any of the Police Officers is directed toward Detective Brewer, who allegedly "engaged in a pattern of outright acts of taunting and harassment upon Plaintiff, violating the Plaintiff's freedom of association, speech, movement and other bad acts which exceeded his legitimate powers as a law enforcement officer." Am. Comp. ¶ 32. These allegations are unintelligible and certainly insufficient to state a First Amendment claim against Detective Brewer. Accordingly, the § 1983 claim against the remaining Police Officers is dismissed.

## IV.

Because the Court has dismissed the sole federal claim against the remaining Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court hereby **ORDERS** the Clerk of Court to remand these claims to the Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     September 10, 2018*
**Dan Aaron Polster**
**United States District Judge**